IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-55-D

ARCHIE RANDALL HOLMES,            )
HOLMES AGRIBIZ, INC., and         )
L&W FARMS, INC.,                  )
                                  )
                    Appellants,   )
                                  )
        v.                        )      **ORDER**
                                  )
MILLS INTERNATIONAL, INC.,        )
                                  )
                    Appellee.     )

Archie Randall Holmes, Holmes Agribiz, Inc., and L&W Farms, Inc. (collectively "Holmes") appeal from two orders of the United States Bankruptcy Court for the Eastern District of North Carolina. See [D.E. 1] (notice of appeal referencing orders of February 25, 2015, and March 27, 2015). In those orders, the bankruptcy court granted Mills International, Inc.'s ("Mills") motion for turnover and denied Holmes's motion for relief from stay. See id. Essentially, Holmes argues that the bankruptcy court: (1) abused its discretion in granting Mills's turnover motion and in failing to award Holmes adequate protection of Holmes's interest (if any) in the collateral subject to turnover; (2) abused its discretion in denying Holmes's motion for relief from the automatic stay; and, (3) erred in concluding that Holmes's judgment lien was not perfected as to some of the property (mostly vehicles) that the Lenoir County Sheriff had seized from Mills. See [D.E. 21] 4–12. Mills responded in opposition and argues that the bankruptcy court did not abuse its discretion in granting Mills's motion for turnover, provided adequate protection to Holmes, and properly denied Holmes's motion for relief from the automatic stay. See [D.E. 24] 3–28.

The bankruptcy court possessed authority to enter a final judgment, and this court has jurisdiction over this appeal. See, e.g., 28 U.S.C. § 158(a); Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2171–74 (2014); Stern v. Marshall, 131 S. Ct. 2594, 2608–20 (2011). This court reviews a bankruptcy court's conclusions of law de novo and reviews its findings of fact for clear error. See, e.g., Sartin v. Macik, 535 F.3d 284, 287 (4th Cir. 2008); In re White, 487 F.3d 199, 204 (4th Cir. 2007).

The court has reviewed the transcript of the emergency motion hearing of February 25, 2015, the bankruptcy court orders, the record on appeal, and the briefs. The court agrees with the bankruptcy court's thorough analysis and conclusions. See [D.E.1-1]. The bankruptcy court's findings of fact are not clearly erroneous, and its conclusions of law are correct. Moreover, the bankruptcy court did not abuse its discretion.

In sum, the judgment of the bankruptcy court is AFFIRMED.

SO ORDERED. This 7 day of January 2016.

JAMES C. DEVER III
Chief United States District Judge